## SUPREME COURT.

### IN THE MATTER OF THE ELECTION OF TRUSTEES OF THE PIONEER PAPER COMPANY.

In proceedings to set aside an election of trustees of a corporation, under 2 Revised Statutes, 600, section 5, the corporation must be a party, and is entitled to notice of the proceeding.

*Saratoga Special Term, September,* 1863.

*Before* BOCKES, *Justice.*

THE Pioneer Paper Company was organized April 1, 1859, as a corporation, under the general statutes of 1848, with a capital of $30,000, divided into 300 shares.

The articles of association provided for three trustees, and that its general place of business should be Milton, Saratoga county.

Matter of Pioneer Paper Co.

The by-laws provided that the elections should be held the second Tuesday of March.

At the March election, 1863, four trustees were elected, without objection, viz: Parks, Buchanan, Comstock and Wilson; and Parks was elected president, and Wilson secretary.

Shortly after, the trustees could not agree in the management of its affairs, and two voted against the other two upon most every question.

Buchanan then moved to set aside the election, upon papers directed to and served upon each of the other three trustees.

At the hearing all of the four trustees were personally present.

A. POND, *attorney for Comstock and Wilson*, objected, that the papers were not directed to the corporation, and that they were not parties on the record.

E. F. BULLARD, *attorney for Buchanan*, cited 5 *Cowen*, 426, and contended that, as all four of the trustees had been served and were then in court, it was equivalent to making the corporation a party.

The COURT *held*, that it was necessary that the corporation should be a party on the record as well as the trustees, so that one motion and decision would bind all parties.

Motion denied, with $10 costs, without prejudice to renew the same.